"Articles of a race, made this 3 October, 1809, between Robert Tinnen of the one part and Joseph Allison of the other: Witnesseth, the said Tinnen runs his stud horse, known by the name of Solon, against Joseph Allison's stud horse, Grey Medley, alias Palafox, for the sum of $200, carrying 160 on each horse; the said race to be run on the paths known by the name of Bason's paths, and on the 21st day of November next, as witness our hands and seals, this day and year above written."
Upon the trial the counsel for the defendant insisted that the plaintiff was bound to show that the money was staked, and the court being of that opinion, the plaintiff suffered a nonsuit.
The plaintiff has brought an action to recover from defendant for an alleged breach of contract on his part, and it is necessary the plaintiff should show that he has been guilty of no default. The articles on which the suit is brought, stipulate that a race is to be run at a particular day and place, between two horses, for $200. They, therefore, do not contemplate that either is to trust the other; for *Page 159 
no day being named for payment, that day is to be understood; and the winner, according to the import of the articles, would be immediately entitled to receive the money, which he could not obtain unless the loser had it to pay; and he who sues for a violation must show he was ready and prepared to do everything requisite on his part.
Wherefore, we are of opinion the rule for a new trial should be discharged.
CAMERON, being of counsel for plaintiff, gave no opinion.
NOTE. — See Jackson v. Anderson, 5 N.C. 137. By the act of 1810 (Code secs. 2841, 2842) all bets, etc., upon horse racing are made void.Gooch v. Faucett, 122 N.C. 270.